# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

ANGELO BLAKELY,                                                                                              PLAINTIFF
ADC #136684

v.                                             4:20-cv-00076-BRW-JJV

LACRETIA FLOWERS, Lieutenant,
Faulkner County Detention Center, *et al.*                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Angelo Blakely ("Plaintiff") is a prisoner in the North Central Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Lieutenant Flowers, Sergeant Page, and Officer Goodwin violated his constitutional rights while he was in the Faulkner County Detention Center ("FCDC"). (Doc. No. 2.) For the following reasons, I recommend the Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   ANALYSIS

In his Complaint, Plaintiff says he was arrested on a parole violation on November 9 or 10,

2018 and booked into the FCDC. (Doc. No. 2.) On November 20, 2018, he signed an unspecified "document" agreeing to his parole being revoked for ninety days with the sentence to be served in the FCDC. (*Id.* at 4.) On February 20, 2019, which was the end of the ninety-day period, Plaintiff was not released from the FCDC. (*Id.*) Instead, he was transferred to the ADC. (*Id.*) Plaintiff believes Defendants revoked his parole, without affording him a hearing or any due process rights, because they wrongfully concluded he was involved in a fight between inmates that occurred at the FCDC in January of 2019. (*Id.*)

Parolees are entitled to due process rights, such as notice and a hearing, in connection with the revocation of their parole. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *Newmy v. Johnson*, 758 F.3d 1008, 1010-12 (8th Cir. 2014). However, Plaintiff cannot bring that due process claim in this § 1983 action. A "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2006); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Instead, such a claim can only be brought in a habeas action, after a prisoner has exhausted his available remedies in state court. (*Id.*) Importantly, this holding applies when a prisoner seeks damages or other forms of equitable relief (instead of directly asking for immediate release) if a holding in his favor in the § 1983 action would "necessarily imply the invalidity" of his current confinement. *Wilkinson*, 544 U.S. at 81-82; *Heck*, 512 U.S. at 487. Specifically, the United States Supreme Court has explained:

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson*, 544 U.S. at 81–82 (parenthetical phrases in the original).[1]  The Court has emphasized the "need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81.

Success on the merits of Plaintiff's claim here, *i.e.*, that Defendants violated his due process rights when they revoked his parole, would necessarily imply the invalidity of his confinement in the ADC.  Thus, he must bring that claim in a habeas proceeding, after exhausting all available state remedies, and not in a § 1983 action.  *See Newmy,* 758 F.3d at 1012 (due process challenges to parole revocation proceedings must be brought in habeas petition, and not in a § 1983 action); *Boles v. Triggs*, case no. 4:18-cv-00225-SWW, 2018 WL 4016981 (E.D. Ark. Jul. 11, 2018) (unpublished opinion) (same);  *Campbell v. Williams*, case no. 5:10-cv-00312-SWW, 2011 WL 1576367 (E.D. Ark. Apr. 26, 2011) (unpublished opinion) (same), *summarily aff'd,* 11-2140 (8th Cir. Aug. 15, 2011).

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

---

[1] In *Wilkinson*, the Court concluded the prisoners could proceed, in a § 1983 action, with their due process challenges to Ohio's state parole procedures because a ruling in their favor would not necessarily imply the invalidity of their confinement.  There, the prisoners were being held in prison on valid criminal convictions, which were not being challenged directly or indirectly in their § 1983 action.  Thus, if they prevailed on their due process claims, the prisoners would be entitled to new parole procedures but not release from custody. *Id.* at 82.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of January 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."